# United States District Court
## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**
V.
**JAMES ALLEN HALL**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:13-CR-30

In accordance with the Bail Reform Act, 18 U.S.C.§3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

## Part I - Findings of Fact

- ☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
  - ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).
  - ☐ an offense for which the maximum sentence is life imprisonment or death.
  - ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____
  - ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.
- ☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.
- ☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).
- ☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

- ☒ (1) There is probable cause to believe that the defendant has committed an offense
  - ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq
  - ☐ under 18 U.S.C.§924(c).
- ☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternate Findings (B)

- ☐ (1) There is a serious risk that the defendant will not appear.
- ☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 34-year-old lifetime resident of Kalamazoo, where his mother and three siblings reside. Defendant also has three children of his own by a Nicole Perry, as well as another 15-year-old child with Amanda Phillips.

Defendant has a very sparse employment record. He told Pretrial Services that he was laid off from Big Moe's BBQ nearly a half year ago. Interestingly, he did not mention that he operated his own barbecue grill for nine months, also during 2012, but this information was learned by speaking with his girlfriend. For over 15 years, defendant (continued on attachment)

## Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community. Notwithstanding defendant's family contacts in the Kalamazoo area, he has failed to rebut the presumption arising from his pending cocaine conspiracy charge. Historically, family ties have not generally been a decisive factor on the issue of detention, although it is certainly a fact the court will consider. The present case is an example of why Congress did not feel (continued on attachment)

## Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: February 13, 2013

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

**Alternate Findings (B)** - (continued)

used marijuana, but states he only used it one time during the past two years.  Coincidentally, it was four days prior to the Pretrial Services report.

Defendant has a string of violations, and while only one resulted in a prison sentence (3 to 30 years incarceration for possession), the evidence shows a total disregard for the law.  Defendant has 10 convictions for driving on a suspended license or driving while impaired (one was for operating a motor vehicle without security).  He has also failed to appear for court on six different occasions.  He has also failed to abide by his probation and/or parole obligations.  On March 29, 2000, defendant was placed on probation for 3 months but managed to stretch the probation into the following year for various violations.  Probation was finally terminated on January 19, 2001, after defendant had been charged with a new offense, possession of marijuana.  Defendant was also on parole following his 3 to 30 year sentence for possession, when he was violated for drinking and driving.  He was ultimately discharged from parole on the drug offense on 8/18/2010.  Just two days later he was charged with, and ultimately convicted of, receiving and concealing stolen property.

There is currently a warrant outstanding for his arrest in Kalamazoo County for possession of marijuana, which charge is unrelated to the present charge.

**Part II - Written Statement of Reasons for Detention** - (continued)

family ties were decisive.  Here, notwithstanding that defendant, age 34, has been surrounded by his mother, siblings, girlfriends and children, during his entire adulthood, he has during that same period been for the most part unemployed, been a substantial drug user, been convicted of 14 different criminal offenses, and failed to appear for proceedings a half-dozen times.  He has also not been successful on parole or probation.  Thus, his family ties have failed to provide him any meaningful support.

(Even absent the presumption, the government has shown by clear and convincing evidence that no condition or combination of conditions will assure the safety of the community from the defendant's established pattern of endangering the community by illegally driving on the open road without a license and sometimes while impaired.)